UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM HART, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 1:07-cv-0395-JDT-WTL ) |
| CONAGRA FOODS, INC., | ) ) |
| Defendant. | ) |

**ENTRY DENYING MOTION TO REMAND (DOC.#13)
AND GRANTING MOTION TO STAY (DOC.#15)**[1]

On February 16, 2007, Defendant, ConAgra Foods, Inc. ("ConAgra"), announced that the peanut butter it manufactured at its Sylvester, Georgia plant, which bore a product code beginning with 2111, had been affected by the Salmonellosis bacteria. Consumers were told to destroy the peanut butter. Plaintiff, William Hart, consumed peanut butter that was manufactured by the Defendant, ConAgra, and subsequently suffered gastrointestinal problems. He filed suit in Indiana state court against ConAgra, on behalf of himself and all others in Indiana similarly situated. ConAgra removed the lawsuit here based on diversity and the Class Action Fairness Act. Hart has filed a motion to remand the matter back to state court because there is an insufficient amount of money at controversy to satisfy jurisdictional requirements. ConAgra opposes that motion and also has filed its own motion which asks the court to stay the matter to allow

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

the Judicial Panel on Multidistrict Litigation (the "Panel") to review the propriety of the various transfer motions which have been filed in similar litigation across the country. For the reasons discussed in this entry, this court finds no merit in either motion.

*Motion to Remand*

Removal allows a defendant to have an action filed in a state court transferred to the appropriate federal court if the action originally could have been filed there.[2]  28 U.S.C. § 1441(a); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  As the party invoking the federal court's jurisdiction, the defendant bears the burden of demonstrating that jurisdiction exists.  *Chase*, 110 F.3d at 427.  Jurisdiction is determined as of the moment of removal.  *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

To remove a typical case to federal court based upon diversity jurisdiction, in addition to demonstrating the diverse citizenship of the parties, a defendant must show that the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332(a).  Where, as here, the Plaintiff is seeking class certification, the applicable statute requires Defendant demonstrate that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs ...."  28 U.S.C. § 1332(d)(2); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th

---

[2] The court must be in the district and division embracing the place where the state action was pending.  28 U.S.C. § 1441(a).

Cir. 2005). In many states, this is easy because the Defendant can place a price tag on the litigation by simply referring to the money demanded in good faith in the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). However, in states such as Indiana, which prohibit personal injury plaintiffs from listing a dollar figure in their complaints, *see* Ind. T.R. 8(A)(2), a defendant must establish the amount in controversy by other means.

The Seventh Circuit has stated that the party seeking removal is required to prove to "a reasonable probability" that jurisdiction exists. *Smith v. Am. Gen. Life & Acc. Ins. Co.,* 337 F.3d 888, 892 (7th Cir. 2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997). However, this rule does not mean that the defendant must establish, to a reasonable probability, what the plaintiff *will* collect. *Brill*, 427 F.3d at 448. Rather, the goal is to determine the cost or value of complying with the plaintiff's demands, from either party's perspective. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). In this sense, in its removal petition, the defendant is only providing an estimate of its exposure or potential maximum loss. Thus, to remove a case, a defendant need only state a basis for its estimate. It can fulfill this requirement by pointing to relevant contentions or admissions, settlement demands, by calculation of the complaint's allegations, or in any other number of ways that might be appropriate. *Id.* at 541-42.

Here, ConAgra contends that it has a good faith basis to believe that there is more than $5,000,000 at stake, or above $25,000 per class member (conservatively estimating a class of at least 200 based upon Hart's own allegation that the class of

-3-

plaintiffs will total in the hundreds), because in similar class action filings addressing the same incident of contamination, which have been filed in other jurisdictions which allow the mention of specific amounts in the prayer for damages, the damages averred against it have been in excess of $25,000 per plaintiff.  Further, ConAgra points to damages well in excess of $25,000 which have been awarded in other Salmonella poisoning cases, such as *Arbough v. Sweet Basil Bistro, Inc.*, 740 So.2d 186 (La. App. 1999), and numerous other unpublished decisions and settlements which can be found in electronic form.  *See, e.g.*, *Knotts v. Black Forest Cakes & Pastries*, 2003 WL 23515016, JAS MI Ref. No. 406136WL (Mich. Cir. Ct. Dec. 30, 2003); *Pavalounis v. L&B Spumoni Gardens*, 2002 WL 31887106 (N.Y. Sup. Ct. July 8, 2002).

Plaintiff contends that these other decisions are distinguishable and that the Center for Disease Control has listed only sixteen incidents where Indiana victims who ingested the peanut butter have reported serious symptoms.  Hart also points out that he has stated in his complaint that the total amount of damages at stake does not exceed $5,000,000.  The problem with Hart's argument is two-fold.  Even if there are only sixteen or even six serious incidents of poisoning encompassed in the class, there is no way to be sure at this point that the amount at stake in those specific serious cases are not enough to push the total amount in controversy to or past the $5,000,000 mark.  *See Anonymous 32 Year Old Plaintiff v. Anonymous Restaurant*, 2002 WL 1870399, JAS VA Ref. No. 400028WL (Va. Cir. Ct. Feb. 2, 2002) (settlement of $4,000,000 in Salmonella poisoning case which resulted in plaintiff suffering permanent disability and also chronic depression).  As for Hart's averment in his complaint that the

total amount at issue is not in excess of the required amount for federal jurisdiction, the same is of no moment unless it is made in the form of a stipulation or affidavit submitted at the time of the complaint's initial filing.  *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1996).  As Judge Sarah Evans Barker of this court has stated in the past, plaintiffs with claims below the jurisdictional minimum who wish to protect against removal "must demonstrate a certain prescience in anticipating this possibility and protecting themselves in advance by attaching an affidavit or stipulation to the complaint."  *King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 216 (S.D. Ind. 1996).  With the ball in his court at the time he filed his complaint, Hart demonstrated no such prescience and, therefore, left himself unprotected against removal.

### *Motion To Stay*

ConAgra reports that there are at least 31 federal cases pending as a result of its recall of the tainted peanut butter, 21 of them putative class actions.  All such actions contain similar allegations as advanced by Hart here.  Four motions filed by various plaintiffs' counsel seek transfer of these cases to a single judicial district and ConAgra has joined in two of those transfer requests.  It asks this court to stay all proceedings in this matter until such time as the pending transfer requests are reviewed by the Panel.  A letter from the Panel Chairman, issued March 14, 2007, advises trial court judges with such cases before them that the Panel has received a motion to transfer all "ConAgra Peanut Butter Products Liability Litigation" and that after complete briefing, the motion will be considered at the next bimonthly Panel hearing session.  The court also notes

that the conditional transfer order was issued by the Panel on July 17, 2007. Therefore, a stay pending completion of the transfer is appropriate.

*Conclusion*

Defendant, ConAgra, has met its burden of showing that an amount in excess of $5,000,000 is "to a reasonable probability" in controversy in connection with this putative class action. Accordingly, Plaintiff's Motion to Remand (Doc. #13) is **DENIED** and Defendant's Motion to Stay Proceedings Pending Ruling on MDL (Doc. #15) is **GRANTED**. This action is **STAYED** pending transfer to the multidistrict litigation in the Northern District of Georgia.

ALL OF WHICH IS ENTERED this 7th day of August 2007.

John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William T. Lawrence

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD, LLP
vmiller@cohenandmalad.com

Stephen A. Oliver
BOREN OLIVER & COFFEY
steveoliver@boclawyers.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN, LLP
richm@gshllp.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com